IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARTLEY S. BACKUS,

    Plaintiff,               No. 2:11-cv-01672 JAM KJN PS

    v.

STATE OF CALIFORNIA,

    Defendant.            ORDER & FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is proceeding without counsel and filed his operative complaint against defendant State of California on June 21, 2011.[1] (Dkt. No. 1.) Presently before the court is plaintiff's application to proceed in forma pauperis. (Dkt. No. 2.) For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but recommends that all of plaintiff's claims against defendant the State of California be dismissed with prejudice. The State of California is the only named defendant in plaintiff's complaint. Accordingly, the undersigned recommends that the entire action be dismissed with prejudice.

I.    Plaintiff's Application to Proceed In Forma Pauperis

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

§ 1915. (Dkt. No. 2.) His application and declaration make the showing required by 28 U.S.C. § 1915(a)(1) and (2). (See id.) Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Within his complaint, plaintiff succinctly states, "I want to sue the State of California for $50 million dollars and I want a trial by jury." (Compl. at 3.) The bases for plaintiff's claims are far less succinct, however, as plaintiff attaches over fifty pages of exhibits to his complaint, ranging from what appear to be plaintiff's credit card bills to various letters from plaintiff and court transcripts in unrelated legal proceedings.[2]

Generally, plaintiff's allegations appear to be that he has been "stalked" and "assaulted" by "steady and pulsating signals from the cell phone towers and other systems" and "cyber attacks using the cell phone system" in "violation of his civil rights," and that he has repeatedly complained to various entities and individuals in efforts to curtail such "attacks" upon him. (Id. at 2-3.) Plaintiff seeks $50 million in monetary damages from the State of California, and also asks that the State of California remove all "these illegal weapons of invisible warfare." (Id. at 2-3.)

The undersigned will not order service on the State of California because that

---

[2] The foregoing is not a comprehensive recitation of the factual allegations contained in the operative complaint. As reflected by the discussion below, a detailed factual summary is not required for the court's screening of the complaint.

2

defendant is, as discussed below, immune from suit. Accordingly, the undersigned recommends that this action be dismissed with prejudice.

      A.      Eleventh Amendment Immunity

Plaintiff's claims are alleged as against one defendant: the State of California. (Compl. at 1, 3; 55 (civil case cover sheet).) Because of the immunity from suit provided by the Eleventh Amendment to the United States Constitution, the undersigned recommends that plaintiff's claims against the State of California be dismissed with prejudice. Because plaintiff's suit names only the State of California as a defendant and seeks monetary and injunctive relief against only the State of California, the undersigned thus recommends that this entire action be dismissed with prejudice.

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state by its own citizens or citizens of other states. Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). The Eleventh Amendment also "bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Alolelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1146 (9th Cir. 2007); accord Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that damages claims alleged against the Superior Court and its employees barred by Eleventh Amendment immunity); see also Hafer v. Melo, 502 U.S. 21, 25 (1991) ("Although state officials literally are persons, an official-capacity suit against a state officer is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself." (citation and quotation marks omitted).).[3]

---

[3] State officials sued in their individual capacities, as opposed to their official capacities do not enjoy Eleventh Amendment immunity from damages claims brought pursuant to 42 U.S.C. § 1983 in federal court. Hafer, 502 U.S. at 30-31 ("[T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983" (citation omitted).); accord Suever v. Connell, 579 F.3d 1047, 1061 (9th Cir. 2009).

Here, plaintiff's "civil rights" claims (Compl. at 1) against the State of California are barred by the Eleventh Amendment.[4] The Ninth Circuit Court of Appeals has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citations and quotation marks omitted). As a suit against the State of California, plaintiff's constitutional claims against this defendant are barred by Eleventh Amendment immunity.

Plaintiff's allegations are less than clear, but to the extent plaintiff intends to allege a statewide conspiracy in connection with "cyber attacks" upon him (Compl. at 1), plaintiff's would-be conspiracy claims against the State of California are also barred by Eleventh Amendment immunity. A plaintiff cannot state a conspiracy claim under 42 U.S.C. § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983. See Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), cert. denied, 493 U.S. 817 (1989); see also Goethe v. California, No. 2:07-cv-01945-MCE-GGH, 2008 WL 3863601, at *5 (E.D. Cal. Aug. 19, 2008) (concluding that Section 1985 claim failed because sovereign immunity barred plaintiff's Section 1983 claim); Vaughn v. Regents of Univ. of Cal., 504 F. Supp. 1349, 1352 (E.D. Cal. 1981) (concluding that

---

Moreover, the Eleventh Amendment does not bar supplemental state law claims seeking damages against a state official sued in his or her individual capacity. Ashker v. Cal. Dep't of Corrections, 112 F.3d 392, 394-95 (9th Cir. 1997) (citing Pena v. Gardner, 976 F.2d 469, 473-74 (9th Cir. 1992) (per curiam)). However, plaintiff has not named any State of California officials in his lawsuit and has not alleged that any particular actions were taken by such officials.

[4] Plaintiff's reference to "civil rights" and having been "discriminated against" in connection with alleged assaults upon him by "steady and pulsating signals from the cell phone towers and other systems" (Compl. at 1-2) suggests that plaintiff intends to allege that his constitutional rights have been violated and thus the undersigned will construe plaintiff's "civil rights" claims as claims made pursuant to 42 U.S.C. § 1983.

4

plaintiff's damages claims for past wrongful conduct brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 were barred by Eleventh Amendment immunity). Moreover, because a plaintiff can only state a claim under 42 U.S.C. § 1986 if the operative complaint contains a valid claim brought pursuant to 42 U.S.C. § 1985, to the extent plaintiff's claims could be construed as made pursuant to 42 U.S.C. § 1986, such claims are likewise barred. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1040 (9th Cir. 1990) (citing Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985)); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988).

Further, to the extent plaintiff seeks to recover upon state law tort claims against the State of California, such as a claim for "assault" (Compl. at 1), such claims are also barred by Eleventh Amendment immunity.[5] Although the State of California has waived its sovereign immunity through the California Tort Claims Act with respect to tort actions brought in state court, see Cal. Gov't Code § 945, that waiver does not effectuate a waiver of the state's Eleventh Amendment immunity from tort suits in federal court. BV Eng'g v. Univ. of Cal., L.A., 858 F.2d 1394, 1396 (9th Cir. 1988) (holding that the waiver of sovereign immunity in the California Tort Claims Act does not constitute a waiver of Eleventh Amendment immunity in federal court), cert. denied, 489 U.S. 1090 (1989); see also Guzman v. Van Demark, 651 F. Supp. 1180, 1183-84 (C.D. Cal. 1987) ("It has long been recognized that a state may waive its state sovereign immunity without relinquishing its eleventh amendment immunity."); accord Kirchmann v. Lake Elsinore Unified Sch. Dist., 83 Cal. App. 4th 1098, 1103 (2000) ("Tort actions may be brought against the state or its agencies in state court under the California Tort Claims Act (Gov. Code, §§ 810 et seq.) but may not be brought in federal court, because the consent to suit contained in the act (Gov. Code, § 945) is not a waiver of Eleventh Amendment immunity.").

---

[5] To the extent that subject matter jurisdiction over plaintiff's state law tort claims is premised on the federal supplemental jurisdiction statute, 28 U.S.C. § 1367, the Ninth Circuit Court of Appeals has held that "28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims." Stanley v. Trustees of Cal. State Univ., 433 F.3d 1129, 1133-34 (9th Cir. 2006).

5

## II. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is granted.

However, for the reasons set forth above, it is FURTHER RECOMMENDED that:

1. Plaintiff's claims alleged against the State of California be dismissed with prejudice as barred by Eleventh Amendment immunity, that the State of California dismissed from this action, and accordingly, because the State of California is the only defendant, that the entire action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED:  June 28, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE