IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARTLEY S. BACKUS,

       Plaintiff,                          No. 2:11-cv-01672 JAM KJN PS

     v.

STATE OF CALIFORNIA,

       Defendant.               <u>ORDER</u>

_____/

       Plaintiff previously represented himself to be proceeding without counsel in this action, and filed his operative complaint against defendant State of California on June 21, 2011.[1] (Dkt. No. 1.) Plaintiff also filed an application to proceed in forma pauperis. (Dkt. No. 2.)

       On June 29, 2011, the undersigned granted plaintiff's application to proceed in forma pauperis ("IFP"), but also recommended that all of plaintiff's case be dismissed with prejudice. (Dkt. No. 3.) The undersigned's proposed Findings and Recommendations are currently pending before District Judge John A. Mendez. (<u>Id.</u>)

       On August 26, 2011, plaintiff filed documents suggesting that he had paid a

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

process server $85 to serve summons and his complaint upon the State of California. (Dkt. No. 8.) The documents also suggest that plaintiff has retained counsel, Mr. Russell A. Robinson, of San Francisco, California. (Id. at 2.)

Plaintiff's filing of August 26, 2011, is troubling in several respects. First, if plaintiff personally paid a process server $85 to serve the complaint (Dkt. No. 8 at 1), this tends to cast a degree of doubt upon the propriety of plaintiff's IFP status. 28 U.S.C. § 1915(e)(2)(A) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue.")

Second, because plaintiff had requested IFP status in this case (Dkt. No. 2), the Clerk of Court has not yet issued a summons, so it is unclear how plaintiff could have served such a document. In any event, pursuant to Federal Rule of Civil Procedure 4(a)(F)-(G), a proper summons must bear the signature of the Clerk of Court and must bear the court's seal. Fed. R. Civ. P. 4(a)(F)-(G). The "summons" filed by plaintiff bears neither and therefore has no legal effect. (Dkt. No. 8 at 2.)

Third, plaintiff's reference to a "Russell A. Robinson" as his attorney suggests that plaintiff may no longer be proceeding without counsel in this action, and accordingly, it may be that this case should proceed before District Judge Mendez instead of the undersigned. E.D. Local Rule 302(c)(21) ("Actions initially assigned to a Magistrate Judge under this paragraph shall be referred back to the assigned Judge if a party appearing in propria persona is later represented by an attorney appearing in accordance with L.R. 180.") The undersigned notes that, at least according to the court's electronic docket, no attorney has yet filed a notice of appearance on plaintiff's behalf.

////
////
////
////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is ordered to further inform the court regarding the status of his legal representation (if any) in this case. By September 19, 2011, plaintiff shall file a one-page statement clearly stating whether he has retained counsel (i.e., Mr. Russell A. Robinson) to represent him in this action. If plaintiff has indeed retained counsel to represent him in this action, the one-page statement will name the attorney and give his address. Should plaintiff's statement include additional pages beyond the one-page limit, the pages will be disregarded.

2. Aside from serving a copy of this order upon plaintiff, the Clerk of Court is also hereby ordered to serve a copy of this order on the individual that plaintiff identified as his attorney on the second page of Docket Number 8, namely:

> **Mr. Russell A. Robinson**
> **345 Grove Street, 1st Floor**
> **San Francisco, CA 94102**

3. By September 19, 2011, Mr. Russell A. Robinson is ordered to file a one-page statement clearly stating whether he has been retained by plaintiff in connection with this case. If plaintiff has indeed retained Mr. Russell A. Robinson, Mr. Robinson is ordered to file a notice of appearance on plaintiff's behalf.

IT IS SO ORDERED.

DATED: September 1, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE