IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARTLEY S. BACKUS,

    Plaintiff,                     No. 2:11-cv-01672 JAM KJN PS

    v.

STATE OF CALIFORNIA,

    Defendant.                <u>ORDER</u>

        Plaintiff previously represented himself to be proceeding without counsel in this action, and filed his operative complaint against defendant State of California on June 21, 2011.[1] (Dkt. No. 1.)  Plaintiff also filed an application to proceed in forma pauperis.  (Dkt. No. 2.)

        On June 29, 2011, the undersigned granted plaintiff's application to proceed in forma pauperis ("IFP"), but also recommended that all of plaintiff's case be dismissed with prejudice.  (Dkt. No. 3.)  The undersigned's proposed Findings and Recommendations are currently pending before District Judge John A. Mendez.  (<u>Id.</u>)

////

////

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

I.  BACKGROUND

On August 26, 2011, plaintiff filed documents suggesting that he had paid a process server $85 to serve summons and his complaint upon the State of California.  (Dkt. No. 8.)  The documents also suggested that plaintiff has retained counsel, Mr. Russell A. Robinson, of San Francisco, California.  (Id. at 2.)

The undersigned issued an order explaining why the undersigned was troubled by plaintiff's filing of August 26, 2011.  (Dkt. No. 9.)  The order explained that, if plaintiff personally paid a process server $85 to serve the complaint (Dkt. No. 8 at 1), this tends to cast a degree of doubt upon the propriety of plaintiff's IFP status.  (Dkt. No. 9 (citing 28 U.S.C. § 1915(e)(2)(A) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue."))  The order also noted that plaintiff's filing referred to a "Russell A. Robinson" as plaintiff's attorney, such that plaintiff might no longer be proceeding without counsel in this action and therefore that the action might need to proceed before the District Judge instead of the Magistrate Judge.  (Dkt. No. 9 (citing E.D. Local Rule 302(c)(21) ("Actions initially assigned to a Magistrate Judge under this paragraph shall be referred back to the assigned Judge if a party appearing in propria persona is later represented by an attorney appearing in accordance with L.R. 180.").)

As a result, the undersigned ordered plaintiff to "file a one-page statement clearly stating whether he has retained counsel (i.e., Mr. Russell A. Robinson) to represent him in this action."  (Dkt. No. 9.)  The undersigned also ordered plaintiff's potential attorney, Mr. Russell A. Robinson, "to file a one-page statement clearly stating whether he has been retained by plaintiff in connection with this case" and to file a Notice of Appearance if he was so retained.  (Id.)

II.  DISCUSSION

Plaintiff substantially complied with the undersigned's order (Dkt. No. 9) and filed two documents.  The first document is a "Response to Order," which represents that "I

1  retained Russell A. Robinson . . . on 11-02-10 to file suit . . . I told the U.S. Court Clerk this on
2  6-21-11. I filed my complaint because no one would help me." (Dkt. No. 10.)  The second
3  document is entitled "Fee Agreement" dated November 2, 2010, and appears to be a two-page
4  retainer agreement between plaintiff and attorney Russell A. Robinson. (Dkt. No. 11.)  The
5  agreement defines the "matter for which [plaintiff] would like [attorney Robinson] to take to
6  completion/conclusion" as a "[c]ase against government and private individuals arising from the
7  constitutional injuries and deprivations in and around Placer County." (Id.)

8        Plaintiff's two filings do not adequately clarify whether plaintiff is actually
9  represented by counsel in *this particular case*. While plaintiff may have retained attorney
10 Robinson to represent him at one time in 2010, the agreement does not clearly reflect that
11 attorney Robinson agreed to represent plaintiff *in this particular action*. Moreover, the
12 undersigned notes that plaintiff himself has clarified that *plaintiff — not* attorney Robinson —
13 filed the complaint in this case "because no one would help" him file it. (Dkt. No. 10.) Further,
14 despite the court's order to attorney Robinson to "file a one-page statement clearly stating
15 whether he has been retained by plaintiff in connection with this case" (Dkt. No. 9), attorney
16 Robinson has not filed anything in this action to date. Perhaps most significantly, according to
17 the court's electronic docket, neither attorney Robinson nor any other attorney has filed a notice
18 of appearance on plaintiff's behalf.

19       Given the foregoing, the undersigned will provide one more opportunity for
20 attorney Robinson — or any attorney currently representing plaintiff — to clarify and confirm
21 that such representation extends to *this particular action*. If no Notice of Appearance is filed by
22 October 27, 2011, this case shall continue to be treated as a "pro se" or "in propria persona"
23 matter and shall remain before the undersigned in accordance with Eastern District Local Rule
24 302(c)(21).
25 ////
26 ////

1  Accordingly, IT IS HEREBY ORDERED that:

2  By October 27, 2011, the attorney currently representing plaintiff *in this*

3  *particular action* (if any) shall file a Notice of Appearance confirming such representation.  If no

4  Notice of Appearance is filed by October 27, 2011, this case shall continue to be treated as a "pro

5  se" or "in propria persona" matter and shall remain before the undersigned in accordance with

6  Eastern District Local Rule 302(c)(21).

7  IT IS SO ORDERED.

8  DATED:  October 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4