1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BARTLEY S. BACKUS,

11            Plaintiff,                      No. 2:11-cv-01672 JAM KJN PS

12      v.

13   STATE OF CALIFORNIA,

14            Defendant.                      ORDER
     _____/

15

16            Plaintiff previously represented himself to be proceeding without counsel in this

17   action, and filed his operative complaint against defendant State of California on June 21, 2011.[1]

18   (Dkt. No. 1.)  Plaintiff also filed an application to proceed in forma pauperis.  (Dkt. No. 2.)

19            On June 29, 2011, the undersigned granted plaintiff's application to proceed in

20   forma pauperis ("IFP"), but also recommended that all of plaintiff's case be dismissed with

21   prejudice.  (Dkt. No. 3.)  The undersigned's proposed Findings and Recommendations are

22   currently pending before District Judge John A. Mendez.  (Id.)

23   ////

24   ////

25   _____

26        [1]  This case was referred to the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                              1

I.      BACKGROUND

On August 26, 2011, plaintiff filed documents suggesting that he had paid a process server $85 to serve summons and his complaint upon the State of California.  (Dkt. No. 8.)  The documents also suggested that plaintiff has retained counsel, Mr. Russell A. Robinson, of San Francisco, California.  (Id. at 2.)

The undersigned issued an order explaining why the undersigned was troubled by plaintiff's filing of August 26, 2011.  (Dkt. No. 9.)  The order explained that, if plaintiff personally paid a process server $85 to serve the complaint (Dkt. No. 8 at 1), this tends to cast a degree of doubt upon the propriety of plaintiff's IFP status.  (Dkt. No. 9 (citing 28 U.S.C. § 1915(e)(2)(A) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue."))  The order also noted that plaintiff's filing referred to a "Russell A. Robinson" as plaintiff's attorney, such that plaintiff might no longer be proceeding without counsel in this action and therefore that the action might need to proceed before the District Judge instead of the Magistrate Judge.  (Dkt. No. 9 (citing E.D. Local Rule 302(c)(21) ("Actions initially assigned to a Magistrate Judge under this paragraph shall be referred back to the assigned Judge if a party appearing in propria persona is later represented by an attorney appearing in accordance with L.R. 180.").)

As a result, the undersigned ordered plaintiff to "file a one-page statement clearly stating whether he has retained counsel (i.e., Mr. Russell A. Robinson) to represent him in this action."  (Dkt. No. 9.)  The undersigned also ordered plaintiff's potential attorney, Mr. Russell A. Robinson, "to file a one-page statement clearly stating whether he has been retained by plaintiff in connection with this case" and to file a Notice of Appearance if he was so retained.  (Id.)

II.     DISCUSSION

Plaintiff substantially complied with the undersigned's order (Dkt. No. 9) and filed two documents.  The first document is a "Response to Order," which represents that "I

2

1   retained Russell A. Robinson . . . on 11-02-10 to file suit . . . I told the U.S. Court Clerk this on

2   6-21-11.  I filed my complaint because no one would help me."  (Dkt. No. 10.)  The second

3   document is entitled "Fee Agreement" dated November 2, 2010, and appears to be a two-page

4   retainer agreement between plaintiff and attorney Russell A. Robinson.  (Dkt. No. 11.)  The

5   agreement defines the "matter for which [plaintiff] would like [attorney Robinson] to take to

6   completion/conclusion" as a "[c]ase against government and private individuals arising from the

7   constitutional injuries and deprivations in and around Placer County."  (Id.)

8             Plaintiff's two filings do not adequately clarify whether plaintiff is actually

9   represented by counsel in *this particular case*.  While plaintiff may have retained attorney

10  Robinson to represent him at one time in 2010, the agreement does not clearly reflect that

11  attorney Robinson agreed to represent plaintiff *in this particular action*.  Moreover, the

12  undersigned notes that plaintiff himself has clarified that *plaintiff — not* attorney Robinson —

13  filed the complaint in this case "because no one would help" him file it.  (Dkt. No. 10.)  Further,

14  despite the court's order to attorney Robinson to "file a one-page statement clearly stating

15  whether he has been retained by plaintiff in connection with this case" (Dkt. No. 9), attorney

16  Robinson has not filed anything in this action to date.  Perhaps most significantly, according to

17  the court's electronic docket, neither attorney Robinson nor any other attorney has filed a notice

18  of appearance on plaintiff's behalf.

19            Given the foregoing, the undersigned will provide one more opportunity for

20  attorney Robinson —  or any attorney currently representing plaintiff — to clarify and confirm

21  that such representation extends to *this particular action*.  If no Notice of Appearance is filed by

22  October 27, 2011, this case shall continue to be treated as a "pro se" or "in propria persona"

23  matter and shall remain before the undersigned in accordance with Eastern District Local Rule

24  302(c)(21).

25  ////

26  ////

Accordingly, IT IS HEREBY ORDERED that:

By October 27, 2011, the attorney currently representing plaintiff *in this particular action* (if any) shall file a Notice of Appearance confirming such representation.  If no Notice of Appearance is filed by October 27, 2011, this case shall continue to be treated as a "pro se" or "in propria persona" matter and shall remain before the undersigned in accordance with Eastern District Local Rule 302(c)(21).

IT IS SO ORDERED.

DATED:  October 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE