IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARTLEY S. BACKUS,

     Plaintiff,     No. 2:11-cv-01672 JAM KJN PS

    v.

STATE OF CALIFORNIA,

     Defendant.     <u>ORDER</u>

/

  Plaintiff is proceeding in forma pauperis and without counsel in this action.[1] On June 29, 2011, through Findings and Recommendations, the undersigned recommended that plaintiff's case be dismissed with prejudice. (Dkt. No. 3.) The undersigned's proposed Findings and Recommendations are currently pending before District Judge John A. Mendez. (<u>Id.</u>)

  On November 3, 2011, plaintiff filed a document entitled "Motion for TRO." (Dkt. No. 20.) The document describes the same sorts of conduct alleged in plaintiff's pleading, namely, the use of "cyber programs to . . . assault and batter me with steady and pulsating signals." (<u>Id.</u> at 20.) The document also attaches newspaper clippings (<u>id.</u> at 3, 11-12), a

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

"Detailed History for Police Call" made by plaintiff to report "pulsating RF waves" that he has suffered "for 8 years" (id. at 4), a handwritten letter from plaintiff to a jury commissioner regarding these "assaults" (id. at 5), a textbook page with a circled excerpt regarding a supreme case addressing an "Eavesdrop statute" (id. at 8), among other attachments.

Plaintiff's "Motion for TRO" does not comply with to the court's Local Rules. Eastern District Local Rule 231(c) provides, in part, that "[n]o hearing on a temporary restraining order will normally be set unless" the party seeking emergency relief files documents with the request for relief that include: "a brief on all relevant legal issues presented by the motion;" "an affidavit in support of the existence of an irreparable injury;" "an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given;" "a proposed temporary restraining order with a provision for a bond;" and "a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, amount of the bond, if any, and the date and hour of issuance." See E. Dist. Local Rule 231(c)(3)-(7).[2] Plaintiff has filed none of these documents. Accordingly, plaintiff's "Motion for TRO" is procedurally improper and is denied without prejudice.

Although plaintiff is proceeding without counsel in this action, he is nonetheless required to follow the court's local rules, the court's orders, and the Federal Rules of Civil Procedure. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

////

////

---

[2] The Eastern District Local Rules are available on the court's website, www.caed.uscourts.gov, and also through the office of the Clerk of the Court.

Accordingly, IT IS HEREBY ORDERED that:

Should plaintiff wish to request a temporary restraining order, plaintiff must follow all of the requirements stated in Eastern District Local Rule 231. Requests for temporary restraining orders that fail to comply with these specific procedural requirements may be summarily denied.

IT IS SO ORDERED.

DATED: November 3, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE